UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
PATRICIA LYNCH,

                                        Plaintiff,                     MEMORANDUM
                                                                            OPINION AND ORDER
          -against-                                                CV 10-2917 (ADS)(ETB)

THE SOUTHAMPTON ANIMAL SHELTER
FOUNDATION, INC., SUSAN ALLEN, SUSAN
KELLY, THE TOWN OF SOUTHAMPTON,
and DONALD BAMBRICK,
                                        Defendants.
-----------------------------------------------------------------------X

Before the court is defendants' motion for reconsideration of the Court's prior Memorandum Opinion and Order, dated January 7, 2013, in which it denied defendants' motion to certify plaintiff in civil contempt pursuant to 28 U.S.C. § 636(e). For the following reasons, defendants' motion is granted and on reconsideration the Memorandum Opinion and Order is affirmed.

DISCUSSION

I.      Legal Standard

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court. See Ehrlich v. Inc. Village of Sea Cliff, No. CV 04-4025, 2007 WL 1593241, at *1 (E.D.N.Y. June 1, 2007) ("A motion for reconsideration is within the sound discretion of the district court."); Hunt v. Enzo Biochem, Inc., No. 06 Civ. 170, at *1 (S.D.N.Y. May 7, 2007) ("Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court.").

"Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Hunt, 2007 WL 1346652, at *1 (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). For this reason, Local Civil Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." Dietrich v. Bauer, 76 F. Supp. 2d 312, 327 (S.D.N.Y. 1999); see also Ehrlich, 2007 WL 1593241, at *2 (stating that it is well settled in the Second Circuit that the standard for granting a motion for reconsideration is "strict"); Church of Scientology Int'l v. Time Warner, Inc., No. 92 Civ. 3024, 1997 WL 538912, at *2 (S.D.N.Y. Aug. 27, 1997) ("The standards for reargument are strictly applied in order to preserve scarce judicial resources and avoid piecemeal litigation.").

"To prevail on a motion for [reconsideration], the movant 'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.'" Church of Scientology, 1997 WL 538912, at *2 (quoting Gill v. Gilder, No. 95 Civ. 7933, 1997 WL 419983, at *2 (S.D.N.Y. July 28, 1997)). "A motion for reconsideration is not a substitute for appeal . . . Nor is it 'a second bite at the apple for a party dissatisfied with a court's ruling.'" Hunt, 2007 WL 1346652, at *1 (quoting Pannonia Farms, Inc. v. USA Cable, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004)). Accordingly, a party may not merely offer the same arguments that were previously submitted to the court when seeking reconsideration. See Giordano v. Thomson, No. 03-CV-5672, 2006 WL 1882917, at *1 (E.D.N.Y. June 26, 2006) ("This Court cannot merely consider the same arguments that were previously submitted.") (citing Ruiz v. Comm'r of the D.O.T. of New York, 687 F. Supp. 888, 890 (S.D.N.Y. 1988), modified on other grounds, 934 F.2d 450 (2d Cir.

1991)). Moreover, a party is not permitted to "advance new facts, issues or arguments not previously presented to the Court" on a motion for reconsideration. Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991) (quotation omitted). "Indeed, a party requesting [reconsideration] 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use Rule [6.3] to advance new facts and theories in response to the court's rulings.'" Church of Scientology, 1997 WL 538912, at *2 (quoting Woddard v. Hardenfelder, 845 F. Supp. 960, 966 (E.D.N.Y. 1994) (additional citation omitted); see also Hunt, 2007 WL 1346652, at *1 ("The restrictive application of Local Rule 6.3 helps to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.") (quotation omitted).

II.   Basis for Defendants' Motion

Defendants state that the Court overlooked both facts and "controlling authority" that necessitate certification of contempt. (Memorandum of Law in Support of Defendants' Motion for Reconsideration (hereinafter "Def. Mem. in Supp.") at 4.)

   A.   Matter of Public Record

Defendants maintain that, insofar as the Court concluded that the information published by plaintiff was already in the public domain (Mem. Op. & Order at 12), "the Court apparently overlooked the fact that both letters authored by [p]laintiff and submitted for publication expressly contained information concerning Mr. Bambrick's additional compensation contained only in [the] 'Confidential' 'IRS W-2' documents produced by Ms.

3

Allen and Mr. Bambrick." (Def. Mem. in Supp. at 2) (emphasis in original).

The facts cited by defendants were all part of the record before the Court in reaching its prior decision, and were considered. Though the Court has reached a different conclusion than defendants upon review of these facts, this is not a proper basis for a motion for reconsideration. Calabrese v. CSC Holdings, Inc., No. 02 Civ. 5171, 2007 U.S. Dist. LEXIS 16059, at *15 (E.D.N.Y. Mar. 7, 2007) ("Motions for reconsideration are not to be made simply because a party disagrees with the court's decision").

      B.      <u>Disclosure of Information Regarding Mr. Bambrick's Additional Income</u>

Defendants claim that the Court erred in its conclusion that the disclosure form in question was part of the public record. (<u>Id.</u>)

As an initial matter, the Court notes that defendants themselves were uncertain, at the time of the hearing on the underlying contempt motion, whether state or municipal law permits or requires redaction of salary information from financial disclosure forms such as that filed by Mr. Bambrick. (Transcript of Hearing Before the Honorable E. Thomas Boyle, United States Magistrate Judge, on July 12, 2012 at 108:20-109:18.) In subsequent submissions to the Court, defendants relied upon several state and municipal statutes in support of their contention that such information would be redacted from Mr. Bambrick's disclosure form in the event that the form were to be made public. The Court reviewed the state and municipal law relied upon by defendants in reaching its conclusion on this subject, and found such law to be inapplicable to the present circumstances. As noted in the Court's prior Memorandum Opinion and Order, New York State Executive Law does not apply to Mr. Bambrick, for the reasons set forth therein.

4

(Mem. Op. & Order at 6 n.4.)  Furthermore, the provisions of the Public Officers Law and the Southampton Town Code, upon which defendants rely, make no reference to redaction of the range of Mr. Bambrick's outside income as reported on his disclosure form in the event that the form were made public.  These laws permit, but do not require, the redaction from disclosure forms of information that would result in an unwarranted invasion of privacy.  See SOUTHAMPTON, N.Y. CODE § 50-1(J) (2010) ("In making records available to the public, access may be denied to and identifying details may be deleted from records and information which, if disclosed, would constitute an unwarranted invasion of personal privacy"); N.Y. PUB. OFF. LAW § 87(2)(b) (2012) ("such agency may deny access to records or portions thereof that... if disclosed would constitute an unwarranted invasion of personal privacy"); N.Y. PUB. OFF. LAW § 89(2)(b)(iv) (2012) (permitting refusal by agency to disclose records that include "information of a personal nature when disclosure would result in economic or personal hardship to the subject party and such information is not relevant to the work of the agency requesting or maintaining it").

The case law upon which defendants rely in support of their contention that such information would be redacted is inapplicable.  The cases cited concerned: (1) the redaction of information regarding the income of family members of public officers, rather than the public officer himself or herself, Humane Soc. of U.S. v. Faslau, 54 A.D.3d 537, 538, 863 N.Y.S.2d 519, 520-21 (N.Y. App. Div. 3d Dep't 2008); (2) the redaction of "categories of value and amount" from financial disclosure forms filed by municipal employees pursuant to a requirement explicitly set forth in the relevant local municipal code, Archdeacon v. Town of Oyster Bay, 12 Misc.3d 438, 443, 813 N.Y.S.2d 289, 293 (N.Y. Sup. Ct. Nassau Cnty. 2006); and (3) dismissal

5

of action by court clerks in the New York State judiciary seeking exemption from disclosure requirements, Bertoldi v. Wachtler, 952 F.2d 656, 657 (2d Cir. 1991). None of these cases support defendants' position that the range of Mr. Bambrick's outside income would have been redacted from his financial disclosure form prior to its publication, and defendants have cited no law that would require such redaction. There is no explicit redaction of outside income range in the Southampton Town Code which is involved here. Moreover, the redaction suggested by the movant would strike at the core of public disclosure of outside income and vitiate the very purpose for which public disclosure was enacted - to "deter corruption and conflicts of interest" by bringing potential conflicts of interest and sources of outside influence on public employees to light. Barry v. City of N.Y., 712 F.2d 1554, 1556 (2d Cir. 1983); see also Kaplan v. Board of Educ. of the City School Dist. of the City of N.Y., 759 F.2d 256, 262 (2d Cir. 1985) (noting that purpose of financial disclosure law at issue was "deterring and discovering corruption").

Lastly, unlike the State disclosure requirement at issue in Bertoldi, the Southampton Town Code discussed here explicitly provides for public inspection:

> Annual disclosure statements required to be filed pursuant to this chapter shall be available for public inspection in the office of the Town Clerk.

SOUTHAMPTON, N.Y. CODE § 23-10 (2010). The Memorandum Opinion and Order at 5 recognizes that the filing at issue is available for public inspection.

C. The Court Determines Credibility

Defendants also take issue with the Court's conclusions regarding the plaintiff's credibility at the evidentiary hearing on July 12, 2012. It is the function of the Court to make determinations of credibility. Anderson v. Bessemer City, 470 U.S. 564, 575, 105 S. Ct. 1504, 1512 (1985) ("When findings [of a district court] are based on determinations regarding the credibility of witnesses, [Fed. R. Civ. P.] 52(a) demands even greater deference to the trial court's findings"); Scientific Components Corp. v. Sirenza Microdevices, Inc., 399 Fed. App'x 637, 639 (2d Cir. 2010) (same); Ceraso v. Motiva Enters., Inc., 326 F.3d 303, 316-17 (2d Cir. 2003) ("The decisions as to whose testimony to credit and which of permissible inferences to draw are solely within the province of the trier of fact"). All of the evidence cited by defendants regarding plaintiff's alleged lack of credibility was presented to, and considered by the Court on the underlying motion. (See Def. Mem. in Supp. at 6-11) (citing repeatedly to transcript of hearing as source of plaintiff's allegedly conflicting testimony). While defendants may disagree with the Court's conclusions regarding Ms. Lynch's credibility, such disagreement is not a valid basis for a motion for reconsideration. Calabrese, 2007 U.S. Dist. LEXIS at *15.

D. The Court Considered the Context of Plaintiff's Disclosures

According to defendants, yet another basis for reconsideration is the fact that the "Court viewed [p]laintiff's disclosure in isolation, rather than as part of a year-long campaign [p]laintiff had waged to damage Ms. Allen, Mr. Bambrick, and the Foundation." (Def. Mem. in Supp. at 11.) The Court notes, once again, that all of the evidence cited by defendants in support of this contention (see id. at 11-12) was part of the record considered by the Court in deciding

7

the underlying motion. Evidence of the long history of discord between plaintiff and defendants was part of the hearing record. (See, e.g. Hearing Exhibits 6, 7, 10, 11 &12.) Defendants' disagreement with the Court's determination regarding the import and relevance of this information is insufficient to support a successful motion for reconsideration. Calabrese, 2007 U.S. Dist. LEXIS at *15.

   E.  Contempt Was *De Minimis* Even Though Defendants Incurred Attorney's Fees in Bringing the Unsuccessful Contempt Motion

Defendants take issue with the de minimis finding claiming that the Court overlooked "'tens of thousands' of dollars" in legal fees incurred by defendants in bringing the contempt motion. (Def. Mem. in Supp. at 12.) According to defendants, the Court overlooked case law that contempt cannot be de minimis where substantial attorney's fees have been incurred. (Id. at 12-13) (citing Shady Records, Inc. v. Source Enters., Inc., 351 F.Supp.2d 64 (S.D.N.Y. 2004) and Independent Living Aids, Inc. v. Maxi-Aids, Inc., 349 F.Supp.2d 509 (E.D.N.Y. 2004)). The defendants have misapprehended the case law upon which they rely.

These cases were not, in fact, overlooked. Both were relied upon by defendants in support of their underlying motion (see Def. Mem. in Supp. of Contempt Motion[1] at 26), and were therefore part of the record that was considered by the Court.

More importantly, these cases do not stand for the principle stated by defendants. Shady

---

[1] The phrase "Def. Mem. in Supp. of Contempt Motion" refers to the Memorandum of Law in Support of Defendants' Motion to Hold Plaintiff, Patricia Lynch, in Contempt of Court and For Sanctions, Attorney Fees, and Expenses, which was filed by defendants on August 2, 2012.

8

Records teaches that, given the facts of that particular case, "an award of attorneys' fees would be an appropriate sanction <u>if [defendant] is held in contempt</u>, whether or not the contempt was willful." <u>Id.</u>, 351 F.Supp.2d at 67-68 (emphasis added). <u>Independent Living Aids</u> stated that attorney's fees will be awarded to a moving party only where the opposing party's contempt was "willful." <u>Id.</u>, 349 F.Supp.2d at 520-21. In both cases, the question of whether an award of attorney's fees was warranted arose only after the court found that contempt had, in fact, occurred. <u>Shady Records</u>, 351 F.Supp.2d at 67-68; <u>Independent Living Aids</u>, 349 F.Supp.2d at 520-21. No such finding exists here.

    F.    <u>No Overlooked "Controlling Authority"</u>

I have reviewed the defendants' other claims urged on reconsideration and find them without merit.

## CONCLUSION

Defendants' motion for reconsideration is granted, and upon reconsideration, the Memorandum Opinion and Order is affirmed. The final conference on May 13, 2013 is converted to a status conference on August 13, 2013 at 10:30 a.m. by telephone due to the recently filed motions for summary judgment.

9

Plaintiff's counsel is directed to initiate the conference call and have all parties on the line before connecting the court (631-712-5710). The call must be placed through the teleconference operator provided by your long-distance service. All counsel must participate.

**SO ORDERED.**

Dated: Central Islip, New York
       April 12, 2013

                                            /s/ E. Thomas Boyle
                                            HON. E. THOMAS BOYLE
                                            United States Magistrate Judge